978 F.2d 1255
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John MILLHAM, to his own use and to the use of William
Ashburn, II, Plaintiff-Appellant,
v.
GLOBE AMERICAN CASUALTY COMPANY, Defendant-Appellee.
 No. 92-1631.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 8, 1992
Decided: November 10, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-88-1311-B)
 Leonard A. Orman, P.A., Baltimore, Maryland, for Appellant.
 Robert J. Carson, Sheryl A. Petkunas, Smith, Somerville & Case, Baltimore, Maryland, for Appellee.
 D.Md.
 Affirmed.
 Before PHILLIPS and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 John Millham appeals from the district court's order denying Millham's Fed. R. Civ. P. 60(b) motion to set aside summary judgment and request for certification of a question to the Maryland Court of Appeals. Our review of the briefs, the appendix, and the district court's opinion discloses that the district court did not abuse its discretion in denying the motion because, as we held in Millham's appeal of the district court's prior order, the action was barred by the applicable statute of limitations.* See Millham v. Globe Am. Casualty Co., No. 89-2486 (4th Cir. Aug. 4, 1990) (unpublished). Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Appellant's reliance on Washington Metropolitan Area Transit Authority v. Queen, 597 A.2d 423 (Md. 1991), is misplaced. Queen involved the accrual of a cause of action when an insurer refused to pay, while this case involves accrual of the cause of action on the insurer's refusal to defend